# MARTIN MOE v. PHILIP G. KEKOS and Another.[1]

October 9, 1914.

Nos. 18,731—(236).

**Judgment notwithstanding verdict — questions for jury.**
On the evidence in this case the questions were for the jury, and it was
error to grant judgment notwithstanding the verdict.

Action in the municipal court of Minneapolis to recover $222.25,
balance due under a contract of hiring. The case was tried before
Bardwell, J., who denied defendants' motion that the court instruct
the jury plaintiff should not recover to exceed $4.75, and that he
recover no damage whatever for the alleged breach of contract, and a
jury which returned a verdict for $152.24 in favor of plaintiff. De-
fendants' motion for judgment notwithstanding the verdict and in
favor of plaintiff for the sum of $4.75 was granted. From the judg-
ment entered pursuant to the order for judgment, plaintiff appealed.
Reversed.

*Harry Rauch* and *Richard & Coe,* for appellant.
*Lane & Malmberg,* for respondents.

Bunn, J.
Action to recover damages for breach of a contract by defendants
to employ plaintiff as a shoemaker for a stated period. The trial
before a jury resulted in a verdict of $152.24 in favor of plaintiff.
Defendants moved for judgment notwithstanding the verdict, or for a
new trial. The trial court granted judgment as asked. Such judg-
ment was entered and plaintiff appealed therefrom to this court.

The question is whether it appeared as a matter of law from the
evidence that plaintiff was entitled to recover nothing more than the
sum of $4.75, admittedly due, or whether the case was for the jury.

Plaintiff and a disinterested witness testified that the oral contract

[1] Reported in 149 N. W. 8.

of employment was that plaintiff was to work as a shoemaker for defendants from November 12, 1912, until April, 1913, at $15 per week; that the hiring was for a definite time. Defendant Philip Kekos denied in his testimony that any time was agreed upon, and claimed that he agreed to employ plaintiff as long as his work was satisfactory. Plaintiff was discharged December 10, 1912. The trouble that led to this was a shoe that defendant gave plaintiff with instructions to sew on a half sole. Defendant accused plaintiff of nailing on the sole, instead of sewing it, and immediately discharged him.

We are satisfied that both issues—the terms of the contract of employment, and the sufficiency of defendant's reason for discharging plaintiff, including the truthfulness of the charge made, were on the evidence questions for the jury. We think the trial court erred in granting the motion for judgment.

Judgment reversed.